2574115

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH CLARK,

  Plaintiff,

Case No. 8:25-CV-221-WFJ-AAS

v.

YOGIMAHANT, LLC, d/b/a THE
FLORIDIAN INN,

  Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant Yogimahant, LLC d/b/a The Floridian Inn ("Floridian"), by and through the undersigned counsel, and pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure, hereby requests that this Honorable Court render an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and as grounds states:

### I.    INTRODUCTION

On or about December 31, 2024, Plaintiff filed a civil action seeking damages for violation of Chapter 2, Section 242 of the Americans with Disabilities Act ("ADA").  Plaintiff alleges that Defendant's hotel offers a swimming pool for guests, but does not have a pool lift for its pool in violation of the ADA.  Plaintiff further alleges that he inquired about staying at Defendant's hotel and was informed that the pool was not handicapped accessible.  Based upon the foregoing, Plaintiff alleges that

Defendant breached the duty owed by failing to have at least one pool lift.  In reality, Plaintiff's Complaint is woefully inadequate and fails to establish the elements necessary to bring a cause of action.

## MEMORANDUM OF LAW

Plaintiffs alleging discrimination in violation of the ADA bear the burden of establishing *a prima facie* case. *Williamson v. International Paper Co.*, 85 F.Supp.2d 1184, 1188 (S.D.Ala.2000).  In order to establish a *prima facie* case, Plaintiffs must show: (1) that they are qualified individuals with disabilities; (2) that they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and (3) that such exclusion or discrimination was because of their disabilities.  *Association for Disabled Americans v City of Orlando*, 153 F.Supp.2d 1310 (M.D. Fla. 2001).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must allege a breach of duty by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations" are not required, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that a mere possibility of misconduct is insufficient to withstand a motion to dismiss). Additionally, under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must provide the grounds of his entitlement to relief.  Rule 12(b)(6) requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do. This pleading standard demands that a plaintiff allege "enough facts to state a claim

to relief that is plausible on its face," i.e., facts that will "nudge [a plaintiff's] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Eleventh Circuit, relying on the bedrock cases of Twombly and Iqbal, explained that mere "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and in "considering a motion to dismiss, a court should eliminate any allegations in the complaint that are merely legal conclusions." Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 F. App'x 136, 138 (11th Cir. 2011). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. Accordingly, "to meet [the] 'plausibility standard,' a plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Balaschak v. Royal Caribbean Cruises, Ltd., 2009 U.S. Dist. LEXIS 126949, at *3 (S.D. Fla. Sep. 14, 2009) (quoting Iqbal, 129 S. Ct. at 1950) (citing Twombly, 550 U.S. at 556). Further, "[t]he mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Id. (quoting Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009)) (citing Iqbal, 129 S. Ct. at 1949). The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Plaintiff's Complaint fails to

allege a cause of action beyond mere conclusory statements and Defendant is therefore entitled to a dismissal as a matter of law.

### A. Plaintiff Fails to Establish a Cause of Action.

In appraising the sufficiency of the Complaint upon Motion to Dismiss, the Complaint should be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v Gibson*, 355 U.S. 41, 45-46 (1957). Upon Defendant's motion to dismiss the court must evaluate Article III standing based on the facts alleged in the complaint, and may not speculate concerning the existence of standing or piece together support for the plaintiff. *U.S.C.A. Const. Art. 3, § 1; Sholtz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). Plaintiff here has plead no facts that support an ADA claim for discrimination, specifically lacking any facts supporting a causal connection from alleged violations to his alleged disability.

The ADA provides individuals with disabilities "civil rights protections with respect to discrimination that are parallel to those provided to individuals on the basis of race, color, national origin, sex, and religion." 56 Fed. Reg. 35,545 (1991). In order to establish a *prima facie* case, it is essential that Plaintiff allege, at a bare minimum, that he is a qualified individual with a disability, thus invoking ADA protections. Plaintiff has failed to plead any factual basis for a "qualified disability" recognized by the ADA, let alone even allege that he even has a qualified disability. "Plaintiff must plead and prove that he has a disability recognized by the ADA." *Shot*, 256 F.3d at 1079. Plaintiff has only plead that he inquired about whether Defendant's hotel pool

4

was handicapped accessible.   Plaintiff's Complaint is completely lacking in its attempt to allege the first element of a prima facie ADA based claim by failing to establish that Plaintiff is a qualified individual who suffers from a disability.   In short, The Plaintiff here has established no factual basis for an ADA claim and has failed to state a claim based in sufficient legal pleading.   As a result, Defendant is entitled to dismissal as a matter of law.

DATED:  February 27, 2025

Respectfully submitted,


  /s/ Taira Salahutdin
Taira Salahutdin, Esq.
Florida Bar No.:  1011737
tsalahutdin@conroysimberg.com
Conroy Simberg
201 East Kennedy Boulevard, Suite 900
Tampa, FL 33602
813-273-6464
954-967-8577
Attorney for Defendant, Yogimahant, LLC
d/b/a The Floridian Inn

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> /s/ Taira Salahutdin
> Taira Salahutdin, Esq.
> Florida Bar No.:  1011737
> tsalahutdin@conroysimberg.com
> Conroy Simberg
> 201 East Kennedy Boulevard, Suite 900
> Tampa, FL 33602
> 813-273-6464
> 954-967-8577
> Attorney for Defendant, Yogimahant, LLC
> d/b/a The Floridian Inn

6